GRIMES, Judge.
The appellee instituted this action in the trial court to recover the sum of $6,952.00, plus interest, which he claimed was due and owing to him on a promissory note. It was alleged that the note had been secured by a chattel mortgage which had been foreclosed, and that the $6,952.00 represented the difference between the foreclosure sale price of the chattels and the balance which the court in the foreclosure proceeding found to be due on the note. The appellant filed an answer denying he owed the amount claimed.
Appellee then filed a motion for summary judgment and an affidavit in support *582 thereof. Appellant attempted to file a counter affidavit in which he alleged an oral agreement wherein appellee agreed to release and discharge him from liability in return for the latter’s promise not to contest the foreclosure. Appellee objected to the consideration of the affidavit of appellant because it had not been timely served as required by the Florida Rules of Civil Procedure. The trial court sustained this objection and proceeded to enter a document designated as a summary judgment which contained the following provision:
“ORDERED AND ADJUDGED that the plaintiff’s Motion for Summary Judgment be, and the same is hereby granted.”
There was no adjudication of any amount due to the appellee.
For more than a year after the entry of the summary judgment the appellant filed various motions to set it aside, although no judgment was ever entered for the amount claimed by appellee in his amended complaint. During this period, the appellant filed an amended answer in which he generally denied the allegations of the complaint (not referred to as the amended complaint), and then set forth two affirmative defenses, to-wit: (1) the agreement of the appellee not to sue him for any deficiency in the foreclosure if appellant did not defend the foreclosure action, and (2) a release by appellee of one Ely in return for a conveyance by the latter and his wife of a certain parcel of real estate. It was the position of appellant that Ely was an endorser on the promissory note ahead of the endorsement of the appellant, and that by releasing Ely the appellee also released appellant.
The record in this case is not complete, and it is somewhat difficult to ascertain exactly what happened after this amended answer was filed. However, it appears that at some point the appellant had filed a third party complaint against Ely. This document is not in the record, but is referred to in an order dated July 17, 1972, dismissing the third party complaint. As best this court can determine, the judge proceeded to take testimony concerning the agreement and conveyance from Ely. It developed that Ely and his wife conveyed to appellee an undivided one-half interest in certain land and that the other one-half interest therein was owned by the appellant. In the order, the court found that both Ely and appellant had agreed to convey this parcel of land to appellee. Because the provisions of this order appear to be the basis upon which the final judgment was entered, the following portions thereof are set forth:
“ORDERED AND ADJUDGED that the Cross Defendant, Gifford F. Ely, be dismissed as regards Count I of the Third Party Complaint on the following grounds:
1. The Court has found that there was an obligation owing between ANGELO A. DONATELLO and GIF-FORD F. ELY to MARSHALL K. KENT. That said obligation was extinguished by virtue of an oral agreement between the parties, to convey a certain parcel of real estate.
2. That Cross Defendant, GIFFORD F. ELY, did so convey to the Plaintiff MARSHALL K. KENT.
3. That the Defendant, ANGELO A. DONATELLO, failed to convey said property and consequently breached said agreement.
4. That there is now no obligation existing between GIFFORD F. ELY and MARSHALL K. KENT.
5. That in view of the breach of the oral agreement by ANGELO A. DONATELLO, MARSHALL K. KENT is entitled to damages from ANGELO A. DONATELLO which damages are the difference between the amount of money due and owing as a deficiency and the value of the property which MARSHALL K. KENT received from GIF-FORD F. ELY.”
*583 Thereafter, the trial court entered the Final Judgment wherein the appellant was found to owe appellee the sum of $3,500.00, plus costs in the amount of $540.13. Also contained in this Final Judgment is the following statement:
“This cause having come on for hearing May 30, 1972, on defendant’s Motion to Set Aside Final Judgment, for final hearing on June 26, 1972, and continued final hearing on September 20, 1972; and the Court finding .that there was no evidence or showing upon which the Court could set aside the Final Summary Judgment herein and therefore defendant’s said Motion to set aside same being and is hereby denied; and the Court having heard the witnesses and evidence presented by each plaintiff and defendant at each of said final hearings, and having heard argument of counsel for the respective parties, —”
The difference of opinion among the members of this court centers upon the fact that, at first blush, it appears that the judge used the so-called Final Summary Judgment entered on a complaint filed on a promissory note as the basis for the entry of a Final Judgment which was premised upon an alleged breach of an oral agreement to convey real estate in satisfaction of the balance due on the promissory note after the foreclosure sale. Judge Patton is of the opinion that this means appellee had abandoned his cause of action on the note and that,, in view of the lack of pleadings reflecting a claim for the breach of contract, appellant was deprived of the right to defend against this new cause of action.
On the other hand, Judge McNulty and I do not believe that the appellee abandoned his cause of action upon the balance .of the promissory note. The appellee already had a valid summary judgment on liability which, unless set aside, left open only the question of the amount of recovery. Prior to the entry of the final judgment, the court obviously considered the oral agreement to convey and the legal effect of the Ely deed and in the process denominated appellee’s recovery as being damages for breach of the appellant’s contract to convey his portion of the property. Yet, these issues were considered by way of affirmative defense and were not the result of the appellee having changed his cause of action.
The court held that the measure of ap-pellee’s damages was the difference between the amount of money still owing under the note and the value of the property received from Ely. In spite of its nomenclature, the effect of the judgment was the same as if the appellant had simply been given credit on the note for the value of Ely’s interest in the property.
From a study of such parts of the record as are available to us, the majority of this panel is not persuaded that the appellant was deprived of the opportunity to develop whatever defenses he had, even though the pleadings did not properly reflect the issues which were apparently determined. cf. Rule 1.190(b) FRCP, 30 F. S.A. If the balance of the record would show otherwise, the appellant cannot complain because it was his responsibility to provide this for us.
The judgment is affirmed.
McNULTY, A. C. J., concurs.
PATTON, ROBERT W., Associate Judge, dissents with opinion.